UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANPREET S. SINGH, and OM PARKASH,

                Plaintiffs,

                              **OPINION AND ORDER**
    -against-                        **12-CV-3204 (SJF)(ETB)**

DEVEN PATEL d/b/a 7-Eleven #11162,
7-Eleven #39513, 7-Eleven #39167, 7-Eleven #16369,

                Defendant.
------------------------------------------------------------X

FEUERSTEIN, J.

On June 27, 2012, plaintiffs Manpreet Singh and Om Parkash ("plaintiffs"), on behalf of themselves and a purported class of others similarly situated, initiated this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., New York Labor Law § 663, and Title 12, §§ 142-2.2 and 142-2.4 ("section 142-2.4") of the Official Compilation of Codes, Rules & Regulations of the State of New York, against Deven Patel ("defendant"), the owner and operator of 7-Eleven franchises where plaintiffs worked. [Docket Entry No. 1]. Plaintiffs allege, inter alia, that defendant violated section 142-2.4 by failing to pay them for an additional hour of work for each day on which the number of hours between their arrival and departure times ("spread of hours") exceeded ten (10). [Docket Entry No. 16] ("Am. Compl."). Now before the Court is defendant's motion to dismiss plaintiffs' spread of hours claim. [Docket Entry No. 28]. For the reasons that follow, defendant's motion is GRANTED.

I.    Background

Defendant employed plaintiffs as cashiers at defendant's 7-Eleven franchises. Am. Compl. at ¶¶ 10-11. Singh worked for defendant from approximately January 2002 until

1

approximately November 2010, and Parkash worked for defendant from approximately 1997 until approximately March 2012. Id. Singh "was paid a flat hourly wage, ranging from $7.50 to $10.00 an hour, while working between 72 and 84 hours per week," Am. Compl. at ¶ 33, and Parkash was paid "a flat hourly wage, ranging from $6.00 to $13.50 an hour, while working between 72 and 84 hours per week," Am. Compl. at ¶ 40. Plaintiffs allege that defendant did not pay them "an additional hour's pay when they worked more than ten (10) hours in a day." Am. Compl. at ¶ 77.

II.     Motion for Judgment on the Pleadings Standard

In deciding a motion pursuant to Rule 12(c), the Court employs the same standard as in deciding a Rule 12(b)(6) motion to dismiss. Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). However, "the tenet that a court must accept as true all of the allegations contained in a

2

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

"On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "'A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.'" Id. (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)).

III.    Analysis

According to section 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which: (a) the spread of hours exceeds 10 hours . . . ." "Spread of hours" is defined as "the interval between the beginning and end of an employee's workday" and includes "working time plus time off for meals plus intervals off duty." N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.18.

The New York State Department of Labor issued an opinion letter in 2006, which states that "[i]t is important to note that the 'spread of hours' regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid be equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage." Declaration of Jamie S. Felsen in Support of Motion to Dismiss [Docket Entry No. 30] at Ex. B. "The majority of district courts in this circuit are in accord with the New York Department of Labor's position that those earning more than the minimum wage are not entitled to spread-of-hours pay." Rui Xiang Huang v. J&A Entm't Inc., No. 09-CV-5587, 2012 WL 6863918, at *8

3

(E.D.N.Y. Dec. 3, 2012) (citing Ellis v. Common Wealth Worldwide Chauffeured Transp. of N.Y., LLC, No. 10-CV-1741, 2012 WL 1004848, at *6 (E.D.N.Y. Mar. 23, 2012); Zubair v. EnTech Eng'g, P.C., 808 F. Supp.2d 592, 601 (S.D.N.Y. 2011)); see also, e.g., Sosnowy v. A. Perri Farms, Inc., 764 F. Supp.2d 457, 474 (E.D.N.Y. 2011) ("[T]he Court agrees with the cases that find that the explicit reference to the 'minimum wage' in section 142-2.4 indicates that the 'spread-of-hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law.'") (quoting Almeida v. Aguinaga, 500 F. Supp.2d 366, 369-70 (S.D.N.Y. 2007)); Malena v. Victoria's Secret Direct, LLC, 886 F. Supp.2d 349, 369 (S.D.N.Y. 2012) ("The Court agrees . . . that New York's spread-of-hours law does not apply to plaintiffs who earned substantially more than the minimum wage."); but see Cuzco v. Orion Builders, Inc., No. 06 Civ. 2789, 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010).

In Jenkins v. Hanac, Inc., the Court "concur[red] with the interpretation that [section 142-2.4] 'does not ensure additional compensation to employees whose wages sufficiently exceed [the minimum wage] floor.'" 493 F. Supp.2d 556, 558 (E.D.N.Y. 2007) (quoting Espinosa v. Delgado Travel Agency, Inc., No. 05 Civ. 6917, 2007 WL 656271, at *2 (S.D.N.Y. Mar. 7, 2007)). The Court continues to find the majority view persuasive and declines to revisit its ruling in Jenkins.[1] Therefore, to the extent that plaintiffs were paid above the minimum wage, the spread of hours claim must be dismissed.

Plaintiffs argue that even if a spread of hours claim is precluded by a rate of pay above

---

[1] The Court rejects plaintiffs' argument that the Hospitality Wage Order enacted in 2011, N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6, supports the contrary interpretation of section 142-2.4, since "the new regulation explicitly provides that spread of hours pay 'shall apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay,' thereby indicating that the drafters of the regulations knew how to apply the spread or hours regulation to all wage earners if that was their intention." Roach v. T.L. Cannon Corp., 889 F. Supp.2d 364, 369 (N.D.N.Y. 2012) (citation omitted).

4

the minimum wage, defendant's motion must still be denied because the amended complaint alleges that plaintiffs "received paystubs that did not accurately reflect the total amount of hours worked," Am. Compl. at ¶¶ 36, 42, and therefore discovery is required "to determine the true rate of pay of [p]laintiffs and any putative class members." Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Spread of Hours Claim [Docket Entry No. 31] at 9. According to plaintiffs, the alleged "missing hours and missing overtime with a rate that is only slightly above minimum wage leads to a plausibly [sic] allegation that [they] were not compensated with at least one additional hour of pay at the minimum wage rate." Id.

Plaintiffs' argument is not supported by the amended complaint, which does not assert a cause of action for failure to pay the minimum wage or specify any time period during which plaintiffs allegedly received less than the minimum wage as a result of "missing hours." See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) ("[W]e find no plausible claim that FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."). Plaintiffs allege that they worked between seventy-two (72) and eighty-four (84) hours per week and were paid at a "flat hourly wage," Am. Compl. at ¶¶ 33, 40, and the allegation of "missing hours" is asserted in relation to plaintiffs' claim that defendant failed to pay "all their overtime wages, at the rate of one and one-half times (1.5) their regular rate of pay," not in relation to a minimum wage claim. Am. Compl. at ¶¶ 37, 43. Under these circumstances, plaintiffs' allegation that their paystubs did not accurately reflect the number of hours worked is not sufficient to state a plausible claim that they were paid less than the minimum amount required by section 142-2.4.

IV.  Conclusion

For the foregoing reasons, defendant's motion [Docket Entry No. 28] to dismiss plaintiffs' spread of hours claim is GRANTED.

**SO ORDERED.**                                   /s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 16, 2013
       Central Islip, New York